IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., <br> <br> Plaintiffs, <br> <br> v. <br> <br> APPLE INC., <br> <br> Defendant. | Civil Action No. 2:17-cv-00470 <br> <br> PATENT CASE <br> <br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A. ("Uniloc Luxembourg") (together, "Uniloc"), as and for their complaint against defendant, Apple Inc. ("Apple"), allege as follows:

### THE PARTIES

1. Uniloc USA is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Upon information and belief, Apple is a California corporation having a principal place of business in Cupertino, California and regular and established places of business at 2601 Preston Road, Frisco, Texas and 6121 West Park Boulevard, Plano, Texas as well as other

1

locations in Texas. Apple offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in the judicial Eastern District of Texas. Apple may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Apple has regular and established places of business in this judicial district, including in Frisco and Plano, is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district.

6. Apple is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) engaging in at least part of its past infringing activities, (B) regularly doing and soliciting business in Frisco and Plano, Texas and/or (C) engaging in persistent conduct and deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,690,556)

7. Uniloc incorporates paragraphs 1-6 above by reference.

8. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,690,556 ("the '556 Patent"), entitled STEP COUNTER ACCOUNTING FOR INCLINE that issued on April 6, 2010. A true and correct copy of the '556 Patent is attached as Exhibit A hereto.

9.     Uniloc USA is the exclusive licensee of the '556 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

10.    Apple manufactures, uses, sells, offers for sale and/or imports into the United States electronic devices such as iPhones, iPads and Watches that incorporate hardware (such as an accelerometer, inclinometer, altimeter and/or barometer) and software (such as the Health app in iOS 8.0.x, iOS 9.0.x, iOS 10.0.x and watchOS versions) that are capable of calculating the number of steps taken (e.g., "Steps") and distance covered (e.g., "Walking + Running Distance") by a user as well as the user's change in elevation (e.g., "Flights Climbed") (together, "Accused Infringing Devices").

11.    Apple has directly infringed, and continues to directly infringe one or more claims of the '556 Patent in the United States during the pendency of the '556 Patent, including at least claims 1-6, 8-15 and 17-23 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling and/or importing the Accused Infringing Devices.

12.    In addition, should use of the accused devices be found to not literally infringe the asserted claims of the '556 Patent, use of the Accused Infringing Devices would nevertheless infringe the asserted claims of the '556 Patent.  More specifically, the Accused Infringing Devices perform substantially the same function (calculating steps taken and changes in elevation), in substantially the same way (using components such as an accelerometer, inclinometer, altimeter and/or barometer and associated software), to yield substantially the same result (providing a calculation of the distance traveled by the user and the user's change in elevation).  Apple would thus be liable for direct infringement under the doctrine of equivalents.

13. Apple has indirectly infringed and continues to indirectly infringe at least claims 16, 8-15 and 17-23 of the '556 Patent in the United States by, among other things, actively inducing the using, offering for sale, selling and/or importing the Accused Infringing Devices having the functionality described in this Count.  Apple's customers who use such devices in accordance with Apple's instructions directly infringe claims 1-6, 8-15 and 17-23 of the '556 Patent in violation of 35 U.S.C. § 271.  Apple directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.apple.com
- https://support.apple.com
- https://appleid.apple.com
- https://itunes.apple.com
- www.youtube.com

Apple is thereby liable for infringement of the '556 Patent under 35 U.S.C. § 271(b).

14. Apple will have been on notice of the '556 Patent since, at the latest, the service of this complaint upon Apple.  By the time of trial, Apple will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of claims 1-6, 8-15 and 17-23 of the '556 Patent.

15. Apple may have infringed the '556 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the accused software and Accused Infringing Devices, including through the sale and distribution of third party apps, such as Pedometer and Stepz, Runtastic, Microsoft Band, Nike+Run Club and Strava Running, that allow a user of iPhones, iPads and/or Watches to calculate steps and changes in

elevation as described above. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

16. Uniloc has been damaged by Apple's infringement of the '556 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Apple as follows:

(A) declaring that Apple has infringed the '556 Patent;

(B) awarding Uniloc its damages suffered as a result of Apple's infringement of the '556 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses and interest; and

(D) granting Uniloc such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: June 2, 2017                                    Respectfully submitted,

*/s/ Edward R. Nelson III*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Dean G. Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905
Aaron Jacobs
Massachusetts State Bar No. 677545
Daniel McGonagle
Massachusetts State Bar No. 690084
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: kgannon@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**