James J. Foster
Aaron S. Jacobs (CA No. 214953)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000
jfoster@princelobel.com
ajacobs@princelobel.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No.: 4:18-cv-00362-PJH<br><br>**DISCOVERY MATTER:**<br><br>**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF SOURCE CODE FOR INSPECTION**<br><br>Date:　May 2, 2018<br>Time:　9:00 a.m.<br>Place:　Courtroom 3, 3rd Floor<br>Judge:　Hon. Phyllis J. Hamilton |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on May 2, 2018 at 9:00 a.m., or as soon as the matter may be heard by the Court in Courtroom 3, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612. Uniloc USA, Inc. and Uniloc Luxembourg S.A. (together, "Uniloc") shall move for an Order compelling Apple Inc. ("Apple") to produce certain source code for inspection. Alternatively, Uniloc will move the Court to order the parties to appear before the Court, or a Magistrate Judge the Court appoints, for a Discovery Conference, to discuss production of source code.

This Motion has been noticed for a date 35 days out, to comply with Local Rule 7-2(a). Uniloc will, however, also file an Administrative Motion that requests the Court to add this motion to the April 11 calendar, because the parties are scheduled to appear before the Court on that date to argue several other motions.

## I. RELIEF REQUESTED

To obtain evidence relevant to Uniloc's claims of patent infringement, Uniloc seeks an Order compelling Apple to produce for inspection the entire iOS and WatchOS code. In the alternative, Uniloc request the Court to order the parties to appear at a Discovery Conference, with this Court or a Magistrate Judge the Court appoints, to discuss source code production.

## II. STATEMENT OF THE ISSUE TO BE DECIDED

Whether Apple should be compelled to produce for inspection withheld source code identified by Uniloc's source code expert as relevant and necessary to the determination of patent infringement in this case.

## III. STATEMENT PURSUANT TO LOCAL RULE 37-2

This case originated in the United States District Court for the Eastern District of Texas. *See* Dkt. No. 1. Under Local Patent Rule 3-4 of that Court, Apple was required to provide the following with its Invalidity Contentions:

> Source code . . . sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P.R. 3-1(c) [infringement] chart

*See* Declaration of James J. Foster ("Foster Decl."), Ex. A.  Patent Local Rule 3-4 of this Court imposes a similar obligation upon Apple.

As described in the accompanying declaration of William C. Easttom II, Apple produced some source code, which Uniloc's code expert inspected.  That inspection, however, revealed large sections of code had not been produced.  Uniloc's code expert has identified the withheld code and believes that he needs to review that code to complete his infringement opinions.  Despite Uniloc's explicit requests for the production of the withheld code, Apple refuses to produce a copy for inspection.  Thus, the parties are at an impasse regarding the withheld code.  Given Apple's reluctance to produce source code, the most efficient means to resolve this dispute and all future disputes is to simply have Apple produce the entire iOS and WatchOS code for inspection.  Failing that, this Court should order the parties to appear at a Discovery Conference to resolve the source code production issues.

## IV.   CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)

Counsel for Uniloc certifies that he has conferred in good faith with counsel for Apple in an unsuccessful effort to obtain the discovery requested in this motion without Court action.  Uniloc's efforts are described in the accompanying Declaration of James J. Foster ("Foster Decl.").

Date: March 28, 2018

PRINCE LOBEL TYE LLP

*/s/ James J. Foster*
James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com

ATTORNEYS FOR THE PLAINTIFFS

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................................1

II.   LEGAL STANDARDS .........................................................................................................3

III.  ARGUMENT ........................................................................................................................4

IV.  CONCLUSION ....................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Samsung Elecs. Co. Ltd.*,
  No. 12-CV-00630-LHK (PSG), 2012 WL 1595793 (N.D. Cal. May 4, 2012) ...........................3

*Apple v. Samsung Elecs. Co. Ltd.*,
  No. 5:11-cv-01846-LHK .........................................................................................................2

*Cryptography Research, Inc., v. Visa Intern. Service Ass'n*,
  2005 WL 1787421 (N.D. Cal. July 27, 2005).............................................................................5

*Heartland Payment Sys., Inc. v. Mercury Payments Sys. LLC*,
  No. 14-cv-00437-CW (MEJ), 2015 WL 6459690 (N.D. Cal. Oct. 27, 2015) ........................4, 5

*Integrated Circuit Systems, Inc., v. Realtek Semiconductor Co., Ltd.*,
  308 F.Supp.2d 1106 (N.D. Cal. Mar. 11, 2004) ........................................................................4

*Love v. Permanente Med. Grp.*,
  No. C-12-05679 DMR, 2013 WL 4428806 (N.D. Cal. Aug. 15, 2013) .................................4, 5

*Ross v. Santa Clara County Sheriff's Dept.*,
  No. 5:14-CV-01770- EJD (HRL), 2015 WL 4511341 (N.D. Cal. Jul. 23, 2015).......................4

*Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*,
  813 F.2d 1207 (Fed. Cir. 1987)..................................................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On June 2, 2017, Uniloc filed the Complaint in this action against Apple in the United States District Court for the Eastern District of Texas ("EDTX"). *See* Dkt. No. 1. The Complaint alleges infringement of United States patent 7,690,556. On Apple's motion, under 28 U.S.C. 1404(a), this case was transferred to this District in January 2018.

The Texas court also transferred nine other patent infringement actions between Uniloc and Apple. Two of those have been assigned to this Court, the -361 and -364 actions. The other seven have been assigned to Judges Koh and Alsup.

The parties had proceeded with discovery under Local Patent Rule 3-4(a) of the EDTX requiring Apple to produce relevant source code without the need for serving written request for production.[1] Uniloc has sought to inspect certain portions of the source code used in the accused products. To that end, Uniloc's source code expert, William C. Easttom, inspected certain portions of such Apple code for six days at Apple's counsel's office in Chicago.[2] (Easttom Decl., ¶ 2-5).

Uniloc retained Easttom to review Apple's source code in relation to all ten actions, not just this action. Apple loaded whatever source code it had decided to produce as to all ten actions on a standalone computer in the office of Apple's counsel, and gave Easttom restricted access to that computer. (Easttom Decl., ¶ 3). Apple did not presort the produced software by case or patent. Easttom thus had to search, on his own, the production to find the source code he believed would be relevant to each action or patent.

During his source code inspections, Easttom discovered that large sections of relevant code had not been produced for inspection. (Easttom Decl., ¶ 5).

The missing source code was not limited to just this case. Uniloc expects the problem of inadequate production extends to all ten cases in this District. Uniloc also believes that a solution

---

[1] The requirement imposed by EDTX P.R. 3-4(a) for the production of source code is identical to the obligation imposed by Patent L.R. 3-4(a) in this district.

[2] The code inspections were conducted pursuant to the terms of the Protective Order entered in this case. *See* Dkt. No. 1.

to the problem, as it affects this action, will simultaneously solve the identical problem in the other nine actions. But because this motion is, at least for now, only filed in this action, Uniloc limits its discussion of missing code to the examples discussed below.

Missing Code

"**IOKit**" Folder

*See* Declaration of William C. Easttom II in Support of Plaintiffs' Motion to Compel Production of Source Code for Inspection and Copying, ¶¶ 4, 8. The source code contained in the folder IOKit, includes code that plays a part in all motion detection by the Accused Products and is central to the functionality of the accelerometer. *Id.* ¶ 5. The accelerometer plays a key role in all claims currently being asserted by Uniloc. *Id.* ¶ 6.

"**Core Foundation**" Folder

Further, the source code contained in the CoreFoundation folder plays a part in all of CoreMotion, which entails pedometer functions, ascending, descending, and any motion at all. *Id.* ¶ 9. The code contained in this folder appears to be the foundation for the rest of the CoreMotion api. Even though this folder has not been produced, it is still referenced 1307 times in 1292 files that have been produced. *Id.* ¶ 14. The extensive nature of this citation is evidence that this folder is essential to the Accused Functionality. *Id.* To perform an effective review, Easttom needs to understand how the iOS deals with motion. *Id.* ¶ 11.

Efforts to Resolve Issue

As a result of this discovery, Uniloc asked Apple to produce the withheld code. These efforts are outlined in the accompanying Declaration of James J. Foster. Apple has refused to produce the missing code. *See* Foster Decl. at ¶ 4.

Uniloc disagrees that Apple may legitimately withhold the requested code. As Apple itself argued in its litigation with Samsung Elecs. Co. Ltd. in this District, "[w]ithout access to [defendant's] source code and other technical documents, [plaintiff] will not be able to formulate its trial strategy." *Apple v. Samsung Elecs. Co. Ltd.*, No. 5:11-cv-01846-LHK, Dkt. No. 467-1 at 1.

Uniloc submits the accompanying Easttom Declaration explaining his need to inspect the withheld code. As a result, given the federal courts' liberal policy regarding discovery, *Truswal*

1 *Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987), Apple should be
2 ordered to produce the missing code portions identified above.

3  Given the lengthy discussions the parties have already undertaken to resolve this matter,
4 Uniloc proposes that the most efficient means to conduct further code review is to allow Easttom
5 access to the entire iOS and WatchOS code. In support of this approach, Uniloc notes Easttom is
6 already bound by the Protective Order entered in this case. Easttom Decl., ¶ 18(a). Easstom has
7 reviewed Apple code previously and has never mishandled their source code. *Id.* ¶ 18(b). A
8 complete production of the code base for the entire iOS and WatchOS would facilitate Easttom's
9 efficient review, without any further complications or obstacles. Accordingly, Uniloc respectfully
10 requests that Apple be compelled to produce the entire iOS and WatchOS source code files.

11  Alternatively, Uniloc requests that this Court order the parties to attend a Discovery
12 Conference before this Court, or before a Magistrate Judge the Court appoints, to discuss how to
13 resolve source code production issues. If the Court agrees, Uniloc would ask Easttom to attend the
14 conference, and request the Court to order Apple to bring to the conference an employee fully
15 familiar with the details of its source code.

16 **II.  LEGAL STANDARDS**

17  A party is entitled to seek discovery of "any nonprivileged matter that is relevant to any
18 party's claim or defense." Fed. R. Civ. P. 26(b)(1). When faced with an opponent's refusal to
19 provide discovery, "[a] party seeking discovery may move for an order compelling . . . production,
20 or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iv). The Patent Local Rules of this Court and of the
21 EDTX provide for the automatic production of source code concurrently with a party's invalidity
22 contentions. Patent Local Rule 3-4.

23  Relevant information need not be admissible at trial if the discovery appears reasonably
24 calculated to lead to the discovery of admissible evidence. *Apple Inc. v. Samsung Elecs. Co. Ltd.*,
25 No. 12-CV-00630-LHK (PSG), 2012 WL 1595793, at *3 (N.D. Cal. May 4, 2012). Thus, upon a
26 showing of good cause, the Court may order the discovery of any matter relevant to the subject
27 matter involved in the action. *Id.*

28

Under the Federal Rules, there is an inherent liberal policy of discovery. *Love v. Permanente Med. Grp.*, No. C-12-05679 DMR, 2013 WL 4428806, at * (N.D. Cal. Aug. 15, 2013) (citation omitted). Moreover, relevance is construed more broadly for discovery than it is for trial. *Ross v. Santa Clara County Sheriff's Dept.*, No. 5:14-CV-01770- EJD (HRL), 2015 WL 4511341, at *1 (N.D. Cal. Jul. 23, 2015) (citation omitted). Thus, "the scope of pre-trial discovery is very broad." *Love v. Permanente*, 2013 WL 4428806, at *2. A request for discovery should be considered relevant if there is "*any possibility* that information sought may be relevant to any claim or defense of any party." *Heartland Payment Sys., Inc. v. Mercury Payments Sys. LLC*, No. 14-cv-00437-CW (MEJ), 2015 WL 6459690, at *3 (N.D. Cal. Oct. 27, 2015) (citations omitted) (emphasis in original).

## III.   ARGUMENT

Local Patent Rule 3-4(a) requires the party opposing a claim of patent infringement to make available for inspection and copying: (a) source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant." The purpose of this Rule is to require the "parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Integrated Circuit Systems, Inc., v. Realtek Semiconductor Co., Ltd.,* 308 F.Supp.2d 1106, 1107 (N.D. Cal. Mar. 11, 2004)(internal citations omitted).

Here, Uniloc has proposed that the entire iOS and WatchOS code base be made available for inspection by Easttom. This proposal obviates the need for any future Court intervention so discovery can progress in these cases.

For example, Apple has not produced the source code file entitled IOKit. Easttom has relayed to Apple's counsel that he believes that this folder comprises code that plays a part in all of the motion detected by the Accused Products and is central to the accelerometer's operation. Without the contents of this folder, Easttom cannot fully understand the functionality of the accelerometer. (Easttom Decl., ¶¶ 9-11). Claim 1 of the '556 Patent clearly requires the use of an accelerometer:

1. A step counter system comprising: an **accelerometer** to detect motion of a user; a step calculation logic to utilize the motion detected by the accelerometer to detect and count steps; and an incline logic to utilize the motion detected by the accelerometer to make a calculation of an incline of a surface on which the user moved for one or more of the steps, wherein the calculation is performed for a step based on identifying a vertical travel up portion of the step, identifying a vertical travel down portion of the step, and computing a difference between the vertical travel up portion and the vertical travel down portion of the step.

Dkt. 1, Ex. A (emphasis added).

As a further example, Apple has refused to produce the source code file CoreFoundation. This is part of CoreMotion, which entails pedometer functions, ascending, descending and any motion at all. Easttom needs access to this specific folder to conduct any meaningful analysis. (Easttom Decl., ¶¶ 12-14). Claim 1 of the '556 Patent requires detecting the motion of a user. The information contained in this source code folder is therefore relevant to Uniloc's source code analysis and Apple should be required to produce it. *See Cryptography Research, Inc., v. Visa Intern. Service Ass'n,* 2005 WL 1787421, at *2 (N.D. Cal. July 27, 2005)(recognizing that the rules require production of "information as to *any aspects or elements* of an Accused Instrumentality").

Proposed Solution

Rather than continuously seeking judicial intervention for disputes of this nature, Uniloc proposes that Apple produce the entire iOS and WatchOS code. In support, Uniloc states that Easttom is already bound by a Protective Order. He has been retained by Uniloc with respect to ten separate actions in which Apple has been accused of infringing fifteen patents, which cover a number of different technologies. Alternatively, Uniloc requests the Court schedule a Discovery Conference, and order the parties to bring a code expert.

## IV.  CONCLUSION

Under the Federal Rules, pre-trial discovery is broad, consistent with the liberal federal policy towards discovery. *Love v. Permanente*, 2013 WL 4428806, at *2. A request for discovery should be considered relevant if there is "*any possibility* that information sought may be relevant to any claim or defense of any party." *Heartland Payment Sys., Inc. v. Mercury Payments Sys. LLC*, No. 14-cv-00437-CW (MEJ), 2015 WL 6459690, at *3. Uniloc has demonstrated above the

relevance of the withheld source code.  Accordingly, this motion to compel should be granted.  A proposed Order is submitted with this Motion.

Date: March 28, 2018                              Respectfully submitted,

*/s/ James J. Foster*
James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000

ATTORNEYS FOR THE PLAINTIFFS