UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNILOC USA, INC., et al., | Case No. 18-cv-00362-PJH (LB) |
| Plaintiffs, | |
| v. | **ORDER ADJUDICATING DISCOVERY DISPUTE REGARDING SOURCE CODE** |
| APPLE INC., | |
| Defendant. | Re: ECF No. 140 |

## INTRODUCTION

Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively, "Uniloc") bring this patent-infringement suit against defendant Apple Inc. ("Apple"). Uniloc is the holder, through assignment, of patent number 7,690,556 (the "556 Patent"), a patent for a "Step Counter Accounting for Incline."[1] Uniloc alleges that certain models of Apple iPhones, Apple iPads, and Apple Watches incorporate hardware or software that infringe upon the 556 Patent.[2] Specifically, Uniloc claims that these Apple devices incorporate hardware "such as an accelerometer,

---

[1] Amend. Compl. – ECF No. 68 at 2 (¶ 5). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 3 (¶ 10).

ORDER – No. 18-cv-00362-PJH (LB)

inclinometer, altimeter, and barometer" and software "such as the Health app" that infringe upon the 556 Patent.[3]

The parties raise a dispute regarding Uniloc's discovery requests for the source code to Apple software.[4] Uniloc's source-code expert, William C. Easttom, wants to review Apple's source code "to be able to testify as to how the accused Apple products work."[5] Apple has produced, and Mr. Easttom has inspected, the source code for an Apple feature called "Flights Climbed."[6] Uniloc asserts, however, that Apple has not produced certain other source code that may be relevant to the 556 Patent.

Uniloc asks that Apple produce the entire source code for the iPhone/iPad's and Watch's operating systems (iOS and watchOS, respectively).[7] In the alternative, Uniloc asks that the court schedule a discovery conference and order Apple to produce a representative with detailed familiarity with "the code" (which the court understands to be the entire source code for iOS and watchOS) to attend the conference.[8] In the further alternative, Uniloc asks that Apple produce a representative with detailed familiarity with "the code" to meet with Uniloc's code expert, under a process where if Apple's "code guy" convinces Uniloc's expert that the code is irrelevant, Apple need not produce it, but otherwise Apple must produce it to Uniloc.[9]

Apple responds that Uniloc's request is overbroad and does not conform to Federal Rule of Civil Procedure 26(b)'s requirement that discovery be both relevant and proportional.[10] Apple argues that its source code is among its most precious and vulnerable assets, reflecting the work of thousands of engineers and billions of dollars of investment.[11] Apple states that there is no

---

[3] *Id.*

[4] Joint Letter Br. – ECF No. 140.

[5] *Id.* at 2.

[6] *Id.* at 3, 6.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*; Kateley Decl. – ECF No. 140-2 at 1–2 (¶ 6).

ORDER – No. 18-cv-00362-PJH (LB)   2

representative who has detailed familiarity with all of the iOS and watchOS source code.[12] Apple states that the source code that Uniloc requests also encompasses confidential code owned by third parties or that protect important third-party rights, such as software that manages access rights to digital content such as music and movies.[13] Apple states that the source code that Uniloc requests also includes code for thousands of features and functions that have no relevance to this case.[14] In lieu of Uniloc's requests and alternatives — all of which are centered around production or discussions of the entirety of iOS and watchOS source code — Apple proposes that, if Uniloc believes it needs additional source code, it provide a chart listing the specific claim limitation for which it believes it needs additional source code, identify the additional source code it needs and why, and explain why the source code already produced is insufficient with respect to that claim limitation.[15]

The court can adjudicate this dispute without a hearing. N.D. Cal. Civ. L.R. 7-1(b). For the following reasons, the court denies Uniloc's motion to compel (and declines to adopt Apple's counterproposal as a judicial order).

**ANALYSIS**

Federal Rule of Civil Procedure 26(b) states that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"

Courts in this district have rejected discovery requests for source code where the requesting party has not shown why the code is relevant to claims or defenses or the request is overbroad and disproportionate to the case. For example, in *Nazomi Communications, Inc. v. Samsung*

---

[12] Joint Letter Br. – ECF No. 140 at 4; Kateley Decl. – ECF No. 140 at 1 (¶ 3), 2 (¶ 8) (iOS and watchOS each contain tens of millions of lines of code, and employees have access to only portions of code on a need-to-know basis).

[13] Joint Letter Br. – ECF No. 140 at 4; Kateley Decl. – ECF No. 140-2 at 2–3 (¶ 9).

[14] Joint Letter Br. – ECF No. 140 at 4.

[15] *Id.* at 6.

*Telecommunications, Inc.*, No. C-10-05545 RMW, 2012 WL 1980807 (N.D. Cal. June 1, 2012), a plaintiff brought patent-infringement claims against Samsung for patents for processing Java-based software programs and sought production of the complete source code for Samsung phones and devices. *Id.* at *1. Samsung argued that its production should be limited to the portions of code relevant to the technology at issue in the patents-in-suit, but the plaintiff argued that it should have a complete copy of all source code so that it could "fully understand the operation of Samsung's products[.]" *Id.* at *2. The court denied the plaintiff's request, holding that it "ha[d] not demonstrated the necessity of 'fully understanding the operation of Samsung's products' as opposed to understanding the portion that is covered by its infringement claims. Given the sensitivity of source code, the court is not inclined to order broad disclosure absent a more specific showing." *Id.* (internal brackets omitted) (citing *Synopsys, Inc. v. Nassda Corp.*, No. C 01-2519 SI, 2002 WL 32749138, at *1 (N.D. Cal. Sept. 16, 2002)). Similarly, in *Waymo LLC v. Uber Technologies, Inc.*, No. C 17-00939 WHA, 2017 WL 6883929 (N.D. Cal. Oct. 19, 2017), Waymo brought a trade-secrets-misappropriation case against Uber and requested production of all of Uber's current source code. *Id.* at *1. The court denied Waymo's request as "profoundly overbroad" and "untethered," holding that Waymo had to make a showing of the relevance of the source code rather than "pawing through Uber's source code without limitation." *Id.*

Uniloc does not argue that the entirety of iOS and watchOS source code is relevant to its claims or that its request for the entire iOS and watchOS source code is proportionate to the needs of this case. Uniloc's claims relate solely to the 556 Patent, a patent for a step counter. Apple iPhones, iPads, and Watches encompass hundreds or thousands of features wholly unrelated to those claims. For example, Apple iPhones and iPads play music and movies, and iOS source code controls that playback and the encryption used to protect digital rights and prevent copyright violations.[16] Uniloc makes no plausible argument that that code is relevant to its claims. Similarly, iOS and watchOS contains code responsible for graphics processing[17] — the devices have screens

---

[16] Kateley Decl. – ECF No. 140-2 at 2–3 (¶ 9).

[17] *Id.* at 3 (¶ 10).

ORDER – No. 18-cv-00362-PJH (LB)     4

1  and displays that show users what is happening on their devices, and they need code to control
2  those graphics. Additionally Apple's devices do many things beyond counting steps: they make
3  phone calls, send text messages, read email, and browse the web, to name a few examples; all are
4  controlled by source code. Uniloc makes no plausible argument that that code is relevant to its
5  claims.

Uniloc intimates that the way a code review "usually" works is that the inspecting party's code expert may "look at whatever he thinks relevant."[18] Uniloc cites no authorities for this proposition, and case law contradicts the premise. *Cf. Nazomi*, 2012 WL 1980807, at *2; *Waymo*, 2017 WL 6883929, at *1. Uniloc then argues that "the parties cannot go to Court every time they disagree . . . over whether particular portions of code could be relevant to this action[.]"[19] The court agrees that the parties cannot take every dispute to court the instant it arises — the parties must cooperate in the discovery process and meet and confer in good faith to try to resolve disputes themselves before they involve the court.[20] But that does not mean that Uniloc is entitled to all of Apple's source code. Uniloc claims that having to address disputes about particular pieces of source code would "squander Uniloc's resources."[21] But Uniloc brought this litigation, and now that it has done so, it cannot ignore the requirement under the Federal Rules that discovery be relevant and proportional, simply because complying with the Rules might require Uniloc to expend some resources. Uniloc could not reasonably argue, for example, that it would be too expensive or time-consuming to make relevant and proportional requests to Apple for email productions and that therefore — to spare it costs — Apple must produce every email it has ever sent or received, on whatever topic, no matter how unrelated to the case. Uniloc has no greater entitlement to all of Apple's source code.[22]

---

[18] Joint Letter Br. – ECF No. 140 at 3.

[19] *Id.*

[20] *See* Standing Order – ECF No. 130-1 at 2–3 (discussing the parties' meet-and-confer obligations).

[21] Joint Letter Br. – ECF No. 140 at 3.

[22] Uniloc's alternative proposals that Apple produce a "code guy" with familiarity with the iOS or watchOS code is similarly unworkable. Uniloc would not be able to demand that Apple produce a representative with "detailed familiarity" with every email that Apple has ever sent or received (not to

*(cont'd)*

Uniloc's expert Mr. Easttom cites several examples of specific source-code files that Apple has not produced.[23] If Uniloc believes those particular code files are relevant and that Apple should produce them, and if Apple disagrees, the parties must meet and confer in good faith to try to resolve the dispute, in accordance with the court's Standing Order.[24] If they are unable to resolve their dispute, they may raise it with the court in a joint letter brief in accordance with the Standing Order, with clear, specific arguments as to why discovery into that code is or is not relevant and proportional. But Uniloc may not circumvent this procedure and demand that Apple produce all of its iOS and watchOS source code so that Uniloc can "paw[] through [Apple]'s source code without limitation." *Cf. Waymo,* 2017 WL 6883929, at *1. Uniloc's motion to compel is denied.[25]

**IT IS SO ORDERED.**

Dated: April 30, 2018

_____
LAUREL BEELER
United States Magistrate Judge

---

mention that no such person likely would exist). Uniloc has no greater entitlement to demand that Apple produce a representative with "detailed familiarity" with all of Apple's source code. That said, the parties ought to consider whether to involve people with appropriate expertise in the relevant portions of source code in their discussions.

[23] Easttom Decl. – ECF No. 140-1 at 3 (¶¶ 9–14).

[24] Standing Order – ECF No. 130-1.

[25] As noted above, Apple has made an alternative proposal as to how the parties can address source-code disputes, which would require Uniloc to provide a chart listing the specific claim limitation for which it believes it needs additional source code, identifying the additional source code it needs and why, and explaining why the source code already produced is insufficient with respect to that claim limitation. Joint Letter Br. – ECF No. 140 at 6. The court declines at this juncture to impose those procedural requirements on Uniloc in a judicial order. That said, if the parties are unable to resolve a source-code dispute on their own and need to raise the issue with the court, the court would appreciate it if the parties clearly explained what the source code is and why the parties believe the additional source is or is not relevant to particular claim limitations.